FILED

2016 Jul-13  PM 12:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARLOW TERRELL ROGERS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:15-cv-1679-JHH** |
| | } | |
| **CAROLYN W. COLVIN, Acting** | } | |
| **Commissioner of Social Security,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Plaintiff, Marlow Terrell Rogers, brings this action pursuant to Section 205(g) of the Social Security Act ("the Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and XVI of the Act. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be affirmed because it is supported by substantial evidence and proper legal standards were applied.

### I.    Proceedings Below

Plaintiff filed his applications for period of disability, DIB and SSI protectively on December 14, 2011, alleging a disability onset date of March 1, 2009. (R. 148-50,

156-59).  Plaintiff's application was denied initially on February 16, 2011, (R. 92-96, 98-102), and thereafter, Plaintiff timely filed a request for a hearing. (R.108-09).  Plaintiff's request was granted, and a hearing was held before an Administrative Law Judge ("ALJ") on May 15, 2012, in Birmingham, Alabama. (R. 63-88).  Plaintiff and Vocational Expert ("VE") John M. Long  provided testimony at the hearing.  (*Id.*).  Plaintiff was represented by an attorney at the hearing.  (*Id.*).

In the June 28, 2013  decision, the ALJ determined that Plaintiff was not eligible for DIB because he was not under a "disability," as defined by the Act, from March 1, 2009, through the date of the decision.  (R. 46-58).  Thereafter, Plaintiff requested review of the ALJ decision by the Appeals Council.  (R. 15-18).  After the Appeals Council denied Plaintiff's request for review on July 30, 2015, (R. 1-7), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.

At the time of the ALJ decision, Plaintiff was forty-two (42) years old, with a twelfth-grade education and vocational training as a welder.  (R. 148, 191).  He had past relevant work as a truck driver, landscape laborer, production assembler, and welder.[1]  (R. 56, 81-82, 191-92, 196-202, 206-13).  Plaintiff claims that since his alleged onset date of Mach 1, 2009, he has been unable to work due to a herniated

---

[1] Earnings records demonstrate an inconsistent work history. (R. 180-84, 206-13).

disc with surgical treatment and right leg pain. (R.148, 189-95, 214-22, 224-28 ).

At the May 2013 hearing, Plaintiff testified that  he is unable to work due to back problems.  (R. 68).  He stated that he has had problems with his back since 2008, but they became worse on September 5, 2011, when he was involved in a motor vehicle accident.   (R. 68).  He had surgery on his back on September 8, 2011, but, according to Plaintiff, his condition did not improve and has gotten worse.  (R. 68).  HE testified that his pain is located at the L4-5 levels of his lower back, and that the pain radiates down his left leg to his foot.  (R. 68-69).  Plaintiff stated that he experiences pain every day and he rated his pain as a 6 or 7 on a 10-point pain scale.  (R. 69).  Plaintiff told the ALJ that he must lie down three to four times a day for a total of three hours 45 minutes until he needs to change positions.  (R. 71).

Plaintiff lives with his mother in a house in Birmingham, Alabama.  (R. 78).  Plaintiff stated that he does not prepare his own meals because he "can't stand and watch the food because of the pain"; instead, his mother cooks for him.  (R. 216).  Plaintiff stated that he can dress himself, but when putting on his pants he must lie down.  (R. 215).  He takes very short baths because he cannot sit for long and can only stand for about 5 minutes while shaving and then has to lie on his side.  (R. 215).  As far as chores, Plaintiff stated that he has a hard time doing any chores, like taking out the garbage, because he cannot stand for long periods of time and must lie down

for a few minutes before trying again.  (R. 214, 216).  He does go shopping for household products, but he stated that he must do it quickly because he cannot stand on his leg for more than 5 or 10 minutes.  (R. 217).  He has a valid driver's license, but he does not drive and his girlfriend drives him where he needs to go.  (R. 79).

## II.    ALJ Decision

Determination of disability under the Social Security Act requires a five-step analysis.  *See* 20 C.F.R. § 404.1 *et. seq.*  First, the Commissioner determines whether the claimant is working.  Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations.  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  The claimant's residual functional capacity consists of what the claimant can do despite her impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work.  In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the

4

Appendix.  If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment."  *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted).  Once a claimant shows that she can no longer perform her past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment."  *Id.*

In his June 28, 2013 decision, the ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2014.  (R. 49 at Finding No. 1).  He further found that Plaintiff engaged in substantial gainful activity during the following periods: January 1, 2011 to September 5, 2011,  (R. 49 at Finding No. 2), but that during the relevant time period, there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  (R. 49 at Finding No. 3).  The ALJ's findings address only the periods in which the Plaintiff did not engage in substantial gainful activity.  (*Id.*).  He found that, during the relevant time period, Plaintiff had the medically determinable impairments, which he deemed to be

5

"severe" of degenerative disorder of the spine.   (R. 49-52 at Finding No. 4). Nevertheless, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1. (R. 52-53 at Finding No. 5). According to the ALJ, Plaintiff's subjective complaints concerning her alleged impairments and their impact on her ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record. (R. 55-56 at Finding 6).

Thus, the ALJ found that Plaintiff retained the physical residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) which allows for him to alternate between sitting, standing or walking for 45 minutes at one time throughout an 8 hour work day with the following limitations: occasional stooping and crouching; no upper extremity pushing and/or pulling; and no operations of left foot controls. (R. 56 at Finding 6). With these limitations, the ALJ determined that Plaintiff is unable to perform his past relevant work. (R. 56 at Finding 7).

The ALJ sought testimony from VE John M. Long at the administrative hearing, and he posed several hypothetical questions to Long regarding different scenarios of functional capacity. (R. 81-87). With Long's help, the ALJ determined

that Plaintiff could perform other "sedentary work" occupations which exist in significant numbers in the national economy, including occupations such as a order clerk-cashier, of which approximately 5,000 such jobs exist in Alabama and 200,000 nationwide, and telephone solicitor of which approximately 2,000 such jobs exist in Alabama and 150,000 nationwide. (R. 57 at Finding No. 11).  Accordingly, the ALJ found that Plaintiff was not under a "disability," as defined by the Act, at any time from March 1, 2009, through the date of the decision.  (R. 57 at Finding No. 12).

### III.   Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. (Docs. # 1 & 10).  Plaintiff's arguments focus on the ALJ's RFC finding, which he contends is not supported by substantial evidence and/or was derived by the application of improper legal standards.  Specifically, Plaintiff contends that the RFC finding: (1) fails to properly articulate good cause for according less weight to the opinion of his treating physician   (Doc. # 10 at 8-10); and (2) improperly discredits  his subjective complaints under the Eleventh Circuit "pain standard." (Doc. # 10 at 11-15).

7

**IV.    Standard of Review**

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision,   *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court

acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

Against that backdrop of applicable standards, the court rejects Plaintiff's request for remand and/or reversal. As noted earlier, Plaintiff's arguments centers on the ALJ's RFC calculation (through the application of the pain standard and consideration of Plaintiff's treating physician), which the court finds to be supported by substantial evidence and the application of proper legal standards. The court has carefully considered each of Plaintiff's argument, the analysis of which follows.

### A. The ALJ Properly Considered the Doctors's Opinions in Assessing Plaintiff's RFC.

Plaintiff first contends that the decision of the Commissioner should be reversed because the ALJ failed to properly articulate good cause for according less weight to the opinion of Plaintiff's treating physician, Dr. Michelle Turnley. (Doc. # 10 at 8-10). To the contrary, the court finds that the ALJ applied proper legal standards when weighting the opinions of Plaintiff's doctors, and his conclusions are supported by substantial evidence.

The weight properly afforded to a medical opinion regarding the nature and severity of a claimant's impairments depends upon a number of factors, including the

source's examining and treating relationship with the claimant, the evidence presented to support the opinion, the consistency of the opinion with the record as a whole, and the speciality of the medical source. *See* 20 C.F.R.§ 416.927(d). The opinion of a physician, even a treating physician, may properly be discounted for good cause. *Crawford v. Commissioner*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). Indeed, although a treating physician's opinion is typically given "substantial or considerable weight," that opinion may deserve less weight under the following circumstances: "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003) (affirming the ALJ's decision to give little weight to a treating physician's opinion due to several specific contradictions between the physician's opinion and other evidence of record). Nonetheless, if the ALJ has failed to articulate "good cause" for assigning less weight to a treating physicians's opinion, reversible error has occurred. *Lewis*, 125 F.3d at 1440.

Here, Plaintiff's treating physician, Dr. Turnley, completed a "Clinical's Assessment of Pain" on June 11, 2012. (R. 315). In the pain form, Dr. Turnley circled the choice indicating her opinion that Plaintiff suffers from pain "to such an

extent as to be distracting to adequate performance of daily activity or work." (R. 315). Additionally, she circled the choice  indicating her opinion that" physical activity, such as walking, standing, sitting, bending, stooping, moving of extremities, etc." would "greatly increase[] pain and to such a degree as to cause distraction from tasks or total abandonment of task." (R. 315). Finally, she circled the choice that indicated that the side effects of Plaintiff's prescribed medication would result in Plaintiff being "totally restricted and thus unable to function at a productive level of work." (R. 315).

Five months later, Dr. Turnley completed a Physical Capacities Evaluation on ("PCE") November 4, 2012. (R. 316). She indicated that during a normal work day, Plaintiff would be able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. (R. 316). She opined that during an 8-hour work day, Plaintiff could sit for 5 hours and stand or walk for 2 hours. (R. 316). Dr. Turnley further indicated (by checking a line) that, depending on the job, Plaintiff would have to miss more than four days of work per month due to his "herniated disc with symptoms of radiculopathy." (R. 316).

The ALJ accorded some weight to Dr. Turnley's assessment that Plaintiff could lift and carry up to 20 pounds, but discounted the remainder of her opinion when finding the Plaintiff capable of sedentary work. (R. 51-52, 55-56). Specifically, the

ALJ determined that Dr. Turnley's opinion and other limitations were internally inconsistent, inconsistent with her own objective findings, and inconsistent with the other medical evidence in the record.  (R. 51-52, 55-56).   Further, the ALJ implicitly discounted Dr. Turnley's limitation to 7 hours of work with his RFC finding for sedentary work throughout an 8-hour work day.  (R. 53-56).   Plaintiff contends that the ALJ's findings are not supported by substantial evidence.  (Doc. #10 at 9-10).  The court disagrees.

A review of the evidence in the record, including that highlighted by Plaintiff in his brief, does not support the opinion of Dr. Turnley in her June 11, 2012 Clinician's Assessment of Pain or her November 4, 2012 PCE.  First, Dr. Turnley's treatment notes do not contain any abnormal physical findings that would support her opinion.  Although Dr. Turnley noted periods of increased pain and limitations (as acknowledged by the ALJ), by May 2012, Dr. Turnley stated that Plaintiff reported "zero pain."  (R. 302).  Although Dr. Turnley noted worsening in Plaintiff's lower back pain from January 15, 2013, through March 3, 2013, on  March 5, 2013, Dr. Turnley noted a "dramatic response" to a nerve block, with a pain level of 2 out of a maximum of 10, and indicated Plaintiff has a normal gait and station, normal coordination, slight diminished range of lumbar motion, and no leg weakness with 5 out of 5 strength in the bilateral legs.  (R. 302-03, 339).

Additionally, in October 2008, Plaintiff's treating surgeon, Dr. Matthew Berchuck, concluded that Plaintiff had reached his maximum medical improvement and could return to work on regular duty. (R. 236-37). Plaintiff returned to work as a welder in November 2008. (R. 262). In March 2009, Dr. Berchuck noted some mild tenderness with 5 out of 5 strength in all extremities except the left leg with 4 out of 5 strength. (R. 260). Again, Plaintiff was allowed to return to regular work duty. (R. 260). In July 2009, Dr. Berchuck noted tenderness in the right lumbar paraspinal area and Plaintiff reported that he had been laid off from work. (R. 258).

Almost a year later, Dr. Berchuck noted tenderness in the right buttock with 5 out of 5 strength in all extremities, (R. 256), and in June 2010, he advised a steroid injection. (R. 252). On September 20, 2010, Dr. Berchuck noted some increased back pain with mild buttock tenderness, but again Plaintiff exhibited a 5/5 motor strength. (R. 250). On July 18, 2011, Dr. Berchuck noted some increased symptoms and advised another steroid injection. (R. 244).

In October 2011, Plaintiff complained of tenderness and pain in his back and right leg, following a car accident. (R. 237). X-rays indicated some loss of disc height at C5-6 and an MRI revealed a recurrent disc herniation at L5-S1. (R. 239-40, 277). That being said, Dr. Berchuck noted that Plaintiff's work status was "unchanged." (R. 240).

13

Finally, on February 4, 2012, Dr. William Meador examined Plaintiff. (T. 296-300). Dr. Meador noted that Plaintiff walked with a limp to the right and needed to repeatedly change positions while sitting. (R. 297). Plaintiff could not toe walk on the right, had limited range of motion in the cervical and lumbar spine, and paravertebral spasms and tenderness on the right. (R. 298-99). Plaintiff's motor strength was 5 out of 5, expect in the right side it was 4 out of 5. (R. 299). Dr. Meador's diagnosis was partial monoparesis of the right leg, lumbar radiculopathy and gait disorder due to lower extremity weakness. (R. 299-300).

In sum, Plaintiff failed to show that the ALJ improperly considered the opinions of Dr. Turnley. As noted above, the ALJ's determination that Dr. Turnley's opinion and other limitations were internally inconsistent, inconsistent with her own objective findings, and inconsistent with the other medical evidence in the record (R. 51-52, 55-56) is supported by substantial evidence. Substantial evidence supports the ALJ's evaluation of the medical source opinions and his assessment of Plaintiff's RFC.

**B.    The ALJ Properly Discredited Plaintiff's Pain Complaints Pursuant to the Pain Standard**

Plaintiff next challenges the ALJ's assessment of his subjective complaints of pain. (R. 11-14). It is axiomatic that the Act and its related regulations provide that

14

a claimant's statements about pain or other symptoms *will not alone* establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.929.  Rather, medical signs and laboratory findings must be present to show a medical impairment that could reasonably be expected to produce the symptoms alleged.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  When, as here, a claimant alleges disability through subjective complaints of pain or other symptoms, the Eleventh Circuit's "pain standard" for evaluating these symptoms requires: (1) evidence of an underlying medical condition, and *either* (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, *or* (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain.  *See* 20 C.F.R. § 404.1529; *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Holt*, 921 F.2d at 1223; *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).  If the ALJ fails to credit a claimant's pain testimony, he must articulate reasons for that decision. 42 U.S.C. § 423(d)(5)(A).

After the application of the three-pronged pain standard, Eleventh Circuit jurisprudence requires a secondary inquiry, which evaluates the severity, intensity, and persistence of the pain and the symptoms a claimant actually possesses.  Indeed, there is a difference between meeting the judicially created pain standard and having disabling pain; meeting the pain standard is merely a threshold test to determine

whether a claimant's subjective testimony should even be considered at all to determine the severity of that pain. *See* 20 C.F.R. § 416.929(b) (2006); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("The Secretary must consider a claimant's subjective testimony of pain if [the pain standard is met]."). After considering a claimant's complaints of pain, an ALJ may then "reject them as not creditable." *Marbury*, 957 F.2d at 839. Although a reversal is warranted if the ALJ's decision contains no indication that the three-part pain standard was properly applied, *Holt*, 921 F.2d at 1223, the Eleventh Circuit has held that an ALJ's reference to 20 C.F.R. § 404.1529, along with a discussion of the relevant evidence, demonstrates the ALJ properly applied the pain standard. *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

In this case, the ALJ's analysis comports with the requirements of the pain standard for evaluating Plaintiff's subjective complaints, indicating that proper legal standards were applied in his analysis and that he considered Plaintiff's symptoms and subjective complaints in light of the steps outlined above. The ALJ reached his conclusions after a thorough review of the opinions of Plaintiff's treating and examining sources, which support his ultimate determination. *See* C.F.R. § 404.1529(c)(2). Given the record as a whole, substantial evidence supports the ALJ's determination that Plaintiff's allegations of disabling limitations were not

16

entirely credible. *See* 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(I); 20 C.F.R. §§ 404.1512(a), (c), 404.1529(a); Ellison, 355 F.3d at 1276.

## VI.    Conclusion

For all of these reasons, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination.  The Commissioner's final decision is due to be affirmed, and a separate order in accordance with this memorandum opinion will be entered.

**DONE** this the ___13th___ day of July, 2016.

SENIOR UNITED STATES DISTRICT JUDGE